**STATE FARM FIRE & CASUALTY INSURANCE COMPANY,**
**Plaintiff–Appellee,**

v.

**Michael A. HACHEZ, Defendant–Appellant,**

**and**

**Charles A. Hachez, Defendant.**

No. 04–36132.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 27, 2006.

Filed June 28, 2007.

Craig William Black, Esq., Sisson & Knutson, Rodney R. Sisson, Esq., Sisson

this appeal.

Law Group PC, Anchorage, AK, for Plaintiff–Appellee.

Robert S. John, Esq., Ward M. Merdes, Esq., Merdec & Merdes PC, Fairbanks, AK, for Defendant–Appellant.

Before: KOZINSKI, BERZON and TALLMAN, Circuit Judges.

## MEMORANDUM*

1. Hachez would have been relieved of his duty to cooperate had State Farm first materially breached the insurance contract. *Great Divide Ins. Co. v. Carpenter,* 79 P.3d 599, 608 (Alaska 2003) (per curiam). But State Farm met its duty to provide a conflict-free defense by appointing CHI counsel. *See id.* at 610. And even if State Farm breached the covenant of good faith and fair dealing by refusing to investigate the settlement offer, that breach was not material. If State Farm failed to accept a reasonable settlement, it could be liable "for any excess judgment against its insured." *Jackson v. Am. Equity Ins. Co.,* 90 P.3d 136, 142 (Alaska 2004). The district court did not err in finding that State Farm had not materially breached its contract.

2. Likewise, the district court did not err in finding that Hachez's acceptance of a settlement offer breached Hachez's duty to cooperate, *see Grace v. Ins. Co. of N. Am.,* 944 P.2d 460, 464 (Alaska 1997), and that this breach prejudiced State Farm. *Id.* at 464 n. 7.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

BERZON, dissenting,

I respectfully dissent from the panel's holding. I would certify unresolved questions of state law to the Alaska Supreme Court. *See* Alaska R.App. P. 407(a).

The record makes clear that the reason State Farm refused to approve the settlement was the coverage dispute. State Farm presumably could have chosen instead to approve the settlement and reserve its rights but did not. The district court stated that the Alaska Supreme Court likely would hold that failure to approve a settlement because of a coverage dispute would not amount to a breach of contract sufficient to permit a subsequent breach by the insured. I believe we should allow the state Supreme Court to answer that question for itself, as the likely resolution is in my view far from clear.

Further, the majority states that any failure by State Farm to refuse to accept a reasonable settlement was not "material." It cites for that proposition *Jackson v. Am. Equity Ins. Co.,* 90 P.3d 136, 142 (Alaska 2004), but *Jackson* does not resolve this question. Hachez's ability to recover later in the event of an excess judgment would require him to incur the burden of a trial on the underlying claim, to hire a lawyer and incur legal expenses for a suit against State Farm and, then, only after this second suit, recover the excess judgment and legal fees.

The panel fails to grapple with *Washington Ins. Guar. Assoc. v. Ramsey,* 922 P.2d 237 (Alaska 1996), which held that an insurer can breach its duty to approve a reasonable settlement even if "the insured faces no actual risk of loss." *Id.* at 246. Although *Ramsey* was interpreting a

Washington statutory scheme, the Alaska Supreme Court later affirmed this holding in the context of an Alaskan insurance dispute, *Great Divide Ins. v. Carpenter,* 79 P.3d 599, 609 (Alaska 2003) (per curiam). The holding in *Ramsey* appears, at the very least, to undercut the majority's belief that the mere potential for a later successful suit by Hachez against State Farm rendered its failure to agree to a reasonable settlement an immaterial breach.

In short, whether the insurer's contractual breach was "material" is unresolved in state law. I believe it best to certify this question as well to the Alaska Supreme Court.